IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID LAWRENCE, Individually And On Behalf Of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>VWR CORPORATION, MANUEL A.H. BROCKE-BENZ, HARRY M. JANSEN KRAEMER, JR., NICHOLAS W. ALEXOS, ROBERT L. BARCHI, EDWARD A. BLECHSCHMIDT, ROBERT P. DECRESCE, PAMELA FORBES LIEBERMAN, TIMOTHY P. SULLIVAN, and ROBERT J. ZOLLARS,<br><br>Defendants. | Case No. 2:17-cv-02758-WB<br><br>JURY TRIAL DEMANDED<br><br>CLASS ACTION |

**STIPULATION AND [PROPOSED] ORDER OF DISMISSAL**

WHEREAS, Plaintiff David Lawrence ("Plaintiff") filed the above-captioned action (the "Action") challenging the public disclosures made in connection with the proposed acquisition of VWR Corporation ("VWR" or the "Company") by Avantor, Inc. ("Parent") and Vail Acquisition Corp. ("Merger Sub"), affiliates of New Mountain Capital L.L.C. ("New Mountain Capital," and together with Parent and Merger Sub, "Avantor") pursuant to a definitive agreement and plan of merger filed with the United States Securities and Exchange Commission ("SEC") on or around May 4, 2017 (the "Transaction");

WHEREAS, the Action asserts claims for violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 by Defendants alleged to have been made in VWR's proxy statement filed with the SEC on or around June 14, 2017 (the "Proxy Statement");

WHEREAS, on July 6, 2017, VWR filed with the Securities and Exchange Commission a Current Report on Form 8-K that supplements the Proxy Statement that included certain additional

information relating to the Transaction that addressed and mooted claims regarding the sufficiency of the disclosures in the Proxy Statement (the "Supplemental Disclosures");

WHEREAS, Plaintiff's counsel intends to assert a claim for mootness fees and expenses in connection with their role in causing the Supplemental Disclosures that mooted Plaintiff's claims (the "Fee Application"), and seek Court intervention if the parties cannot resolve Plaintiff's Fee Application;

WHEREAS, all of the Defendants in the Action reserve all rights, arguments, and defenses, including the right to oppose any potential Fee Application;

WHEREAS, no class has been certified in the Action;

WHEREAS, for the avoidance of doubt, no compensation in any form has passed directly or indirectly to Plaintiff or his attorneys and no promise, understanding, or agreement to give any such compensation has been made, nor have the parties had any discussions concerning the amount of any mootness fee application or award;

WHEREAS, Defendants have denied and continue to deny any wrongdoing and contend that no claim asserted in the Action was ever meritorious;

NOW, THEREFORE, upon consent of the parties and subject to the approval of the Court:

IT IS HEREBY ORDERED this _____ day of _____, 2017 that:

1. The Action is dismissed, and all claims asserted therein are dismissed with prejudice as to Plaintiff only. All claims on behalf of the putative class are dismissed without prejudice.

2. Because the dismissal is with prejudice as to Plaintiff only, and not on behalf of a putative class, notice of this dismissal is not required.

3. The Court retains jurisdiction of the Action solely for the purpose of determining Plaintiff's anticipated Fee Application, if filed.

4. This Order is entered without prejudice to any right, position, claim, or defense any party may assert with respect to the Fee Application, which includes the Defendants' right to oppose the Fee Application.

5. To the extent that the parties are unable to reach an agreement concerning the Fee Application, they may contact the Court regarding a schedule and hearing to present such application to the Court.

6. Upon completion of briefing, the parties shall promptly contact the Court to schedule argument regarding Plaintiff's Fee Application at a time convenient to the Court.

7. If the parties reach an agreement concerning the Fee Application, they will notify the Court. Upon such notification, the Court will close the Action.

Dated: July 20, 2017

**OF COUNSEL:**

**FARUQI & FARUQI, LLP**
James M. Wilson, Jr. (*Pro Hac forthcoming*)
Nadeem Faruqi
685 Third Ave., 26th Fl.
New York, NY 10017
Telephone: (212) 983-9330
Email: nfaruqi@faruqilaw.com
Email: jwilson@faruqilaw.com

*Counsel for Plaintiff*

**FARUQI & FARUQI, LLP**

By: */s/ Stuart J. Guber*
Stuart J. Guber
101 Greenwood Avenue, Suite 600
Jenkintown, PA 19046
Telephone: (215) 277-5770
Facsimile: (215) 277-5771
Email: sguber@faruqilaw.com

*Counsel for Plaintiff*

| | |
|---|---|
| **OF COUNSEL:**<br><br>**KIRKLAND & ELLIS LLP**<br>Matthew Solum<br>601 Lexington Avenue<br>New York, NY 10022<br>(212) 446-4688<br><br>*Attorneys for Defendants VWR Corporation, Harry M. Jansen Kraemer, Jr., Nicholas W. Alexos, Robert L. Barchi, Edward A. Blechschmidt, Manuel A.H. Brocke-Benz, Robert P. DeCresce, Pamela Forbes-Lieberman, Timothy P. Sullivan, Robert J. Zollars* | **DRINKER BIDDLE & REATH LLP**<br><br>*/s/ Michael W. McTigue Jr.*<br>Michael W. McTigue Jr. (PA Bar No. 69548)<br>Richard E. Coe (PA Bar No. 94539)<br>One Logan Square, Ste. 200<br>Philadelphia, PA 19103<br>(215) 988-2700<br><br>*Attorneys for Defendants VWR Corporation, Harry M. Jansen Kraemer, Jr., Nicholas W. Alexos, Robert L. Barchi, Edward A. Blechschmidt, Manuel A.H. Brocke-Benz, Robert P. DeCresce, Pamela Forbes-Lieberman, Timothy P. Sullivan, Robert J. Zollars* |
| **OF COUNSEL:**<br><br>**SIMPSON THACHER & BARTLETT LLP**<br>Peter E. Kazanoff<br>425 Lexington Avenue<br>New York, NY 10017<br>212-455-3525<br><br>*Attorneys for Defendants Avantor, Inc., Vail Acquisition Corp., and New Mountain Capital L.L.C.* | **MORGAN, LEWIS & BOCKIUS LLP**<br><br>*/s/ Marc J. Sonnenfeld*<br>Marc J. Sonnenfeld (PA Bar No. 17210)<br>Jason H. Wilson (PA Bar No. 208112)<br>1701 Market Street<br>Philadelphia, PA 19103<br>(215) 963-5000<br><br>*Attorneys for Defendants Avantor, Inc., Vail Acquisition Corp., and New Mountain Capital L.L.C.* |

IT IS SO ORDERED this _____ day of _____, 2017.

_____
UNITED STATES DISTRICT JUDGE

4